IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CASSANDRA LEMKE,

                Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of the Social Security
Administration,

                Defendant.

ORDER

16-cv-819-jdp

---

      Plaintiff Cassandra Lemke seeks judicial review of a final decision of Nancy A. Berryhill, Acting Commissioner of Social Security, finding her not disabled within the meaning of the Social Security Act. The court heard oral argument on July 20, 2017. As discussed at oral argument, Lemke endured a number of injuries during the period of alleged disability that at times interfered with her ability to work. But the question for the court is whether the ALJ's decision that Lemke was not disabled for the entire period at issue is supported by substantial evidence. For reasons explained during oral argument and summarized here, the court will deny Lemke's motion for summary judgment and affirm the Commissioner's decision.

      Lemke suffers from obesity, carpal tunnel syndrome, degenerative joint disease in both knees, hyperlipidemia, vitamin D deficiency, obstructive sleep apnea, and depression. She injured her right knee in a fall in March 2010, which she alleges is the onset of her disability. She also injured her left knee in August 2013. She has undergone bilateral knee surgery and carpal tunnel release surgery. The ALJ determined that Lemke had the residual functional

capacity (RFC) to perform sedentary work with additional limitations. R. 16.[1] She found that although Lemke had no past relevant work, there were jobs in the economy that she could do. R. 29. Lemke contends that the ALJ erred in finding her not disabled for five reasons: (1) she failed to consider Lemke's carpal tunnel syndrome; (2) she failed to perform a function-by-function assessment; (3) she failed to adequately weigh November 2013 and January 2014 notes by Lemke's treating orthopedist, Thomas Kaiser, MD; (4) she failed to adequately weigh parts of the opinion of Lemke's treating primary care physician, Jeffrey E. Eichten, MD; and (5) she failed to include the use of an assistive device in her RFC finding.

The ALJ described Lemke's status post carpal tunnel syndrome surgery and found that it was a severe impairment, but noted that she had recovered. The record supports this description. R. 1824. The ALJ accounted for Lemke's status post carpal tunnel syndrome surgery in the RFC, finding that she was limited to frequent, not constant, fine and gross manipulation with her upper extremities. The ALJ did not err in her consideration of Lemke's carpal tunnel syndrome.

The ALJ found an RFC of sedentary work with additional limitations, but did not specifically discuss Lemke's ability to sit, stand, walk, carry, push, or pull. Lemke contends that the ALJ erred by failing to make an express determination about Lemke's ability to perform these tasks. But sedentary work is defined as lifting no more than 10 pounds at a time, occasionally lifting and carrying light objects, and walking and standing only occasionally. 20 C.F.R. § 404.1567(a). So the RFC itself ALJ accounts for Lemke's limitations in these functions. The only function that is not specifically defined under sedentary work is sitting, so

---

[1] Record citations are to the administrative record, Dkt. 8.

2

someone capable of sedentary work must be capable of sitting for eight hours. Bu Lemke points to no evidence in the record to show that she was at all limited in her capacity to sit. The ALJ's failure to expressly set out that Lemke could sit for eight hours is not reversible error.

Lemke contends that the ALJ did not properly credit Dr. Kaiser's notes from November 2013 and January 2014, both of which indicate that she was "unable to work" for an unspecified amount of time. R. 647, 2138. But by October 2014, Dr. Kaiser opined that Lemke was capable of sedentary work. The ALJ gave the November 2013 and January 2014 notes little weight because they were "explicitly temporary" and provided for Lemke's worker's compensation claim. R. 25. The ALJ gave the October 2014 opinion controlling weight because Dr. Kaiser was Lemke's treating physician and the opinion was supported by objective medical evidence and consistent with other substantial evidence. The ALJ did not err in giving little weight to Dr. Kaiser's earlier notes because they were not shown to be permanent—that is, there was no indication that Lemke would be unable to work for more than one year. Dr. Kaiser's later opinion, on the other hand, was made when Lemke's restrictions had stabilized.

Lemke contends that the ALJ erred in rejecting two of Dr. Eichten's opinions: (1) Lemke must miss four or more days of work per month because of medical appointments; and (2) Lemke can rarely stoop. The ALJ gave Dr. Eichten's opinion partial weight but explicitly rejected Dr. Eichten's four-day assessment because it was not supported by medical evidence and was not consistent with the record. The four-day issue is critical, as missing four days of work a month effectively precludes full-time employment, so the ALJ appropriately scrutinized that assessment. The parties agree that Dr. Eichten did not point to medical evidence to support his assessment. The record indicates that at least in some months during the period at issue, Lemke attended medical appointments several times a week, but the record does not

3

support Dr. Eichten's assessment that Lemke would miss four or more days of work per month *permanently*. The ALJ's rejection of Dr. Eichten's four-day assessment is adequately explained and consistent with the record.

As for Dr. Eichten's opinion that Lemke can rarely stoop, the ALJ gave Dr. Eichten's opinion partial weight, but then found that Lemke can stoop "occasionally" in the RFC. R. 16. "Occasional" means up to one-third of the time, so the ALJ erred in making that finding. But the error was harmless because, based on information in the Dictionary of Occupational Titles, none of the occupations proposed by the Vocational Expert (VE) for Lemke required any stooping. So even if the ALJ had correctly limited Lemke's stooping to rarely in the RFC, she still would not have found Lemke disabled.

Finally, Lemke contends that the ALJ erroneously failed to include an assistive device in her RFC. The record does not establish that Lemke consistently required an assistive device to walk. But even if it did, the use of an assistive device would not preclude employment in the three occupations proposed by the VE. The VE testified that a person who used a walker—among the more restrictive types of assistive devices—would still be able to perform work in the national economy. R. 57. The fact that the ALJ did not explicitly list an assistive device in Lemke's RFC is not a basis for remand.

ORDER

Accordingly, IT IS ORDERED that the decision of Nancy A. Berryhill, Acting Commissioner of Social Security, denying plaintiff Cassandra Lemke's application for disability benefits is AFFIRMED and Lemke's appeal is DISMISSED. The clerk of court is directed to enter judgment in favor of the defendant and close this case.

Entered July 26, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge